IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>US FED GROUP, LLC, also known as "United States Fed Group, LLC Treasury Department," also known as "US FED Treasury Department," also known as "United States FED Group," also known as "US Fed Group," also known as "United States FED Group," also known as "United States FED Group Consortium Syndicate," also known as "US FED Group Business Solutions," TRADE-BACKED EQUITY LLC, and ALEX ST. JAMES RAILEY CISCO, also known as "Alex St. James," also known as "William Sir Knight Alex-St. James,"<br><br>        Defendants. | No. 21-CV-00008<br><br>BRIEF IN SUPPORT OF THINK SAFE, INC.'S UNOPPOSED MOTION TO INTERVENE |

### THINK SAFE, INC.'S BRIEF IN SUPPORT OF ITS UNOPPOSED MOTION TO INTERVENE

Non-party Think Safe Inc. ("Think Safe") hereby moves, under Rule 24(a) and alternatively under Rule 24(b) of the Federal Rules of Civil Procedure, for this Court to enter an order allowing Think Safe to intervene in this action for the purpose of establishing and protecting its interest in the assets at issue in this action. Specifically, the defendants in this action participated in a fraudulent scheme with other non-parties to this action, that ultimately defrauded Think Safe of $2,432,250. In support of its Motion and this accompanying Brief Think Safe attaches, as Exhibit A, a declaration of Paula Wickham, President of Think Safe, Inc.

124937272.1

I.   **Background**

Think Safe, Inc. is a manufacturer, developer, and leading integrator in the first aid industry, and headquartered in Cedar Rapids, Iowa. (Declaration of Paula Wickham attached as Exhibit A at ¶3). Throughout the COVID-19 pandemic, Think Safe has been a valuable and reliable supplier of personal protective equipment and other vital medical materials to hospitals and other health care providers. (*Id.*). As demand for PPE exploded during the COVID-19 pandemic, and Think Safe's traditional suppliers proved unable to meet the substantial needs of its customers, it began exploring new supplier relationships with the assistance of its longtime and trusted broker. (*Id.* at ¶ 4).

Through that broker's connections, Think Safe was eventually introduced to Varun Datta and Saransh "Sam" Sharma. (*Id.* at 5). Datta and Sharma are members of Datta Holdings, LLC, which is located in Boca Raton, Florida. (*Id.* at 6). Datta and Sharma represented themselves and Datta Holdings as experienced sellers of PPE and medical supplies, and that Datta Holdings had access to a substantial allocation of verified 3M 1860 N95 Respirators that were held in government-bonded warehouses and ready to deliver within a brief time frame. (*Id.* at 8).

In reliance on Datta and Sharma's representations and assurances, on or about October 16, 2020, Think Safe entered into an agreement to purchase 1 million 3M 1860 N95 Respirators from Datta Holdings, which Datta and Sharma assured Think Safe were ready for immediate delivery from its supplier, a company out of Washington, D.C. named US Fed Group. (*Id.* at ¶9-11); (Doc. No. 1, Declaration of Kent Moore ¶10). Think Safe performed its obligations under the agreement, and transferred $3,025,000 to an escrow account located in Clearwater, Florida. (Doc. No. 1, Declaration of Kent Moore ¶14); (Declaration of Paula Wickham at ¶10). Despite Datta and Sharma's repeated promises and assurances, the respirators were never delivered. (Doc. No. 1, Declaration of Kent Moore ¶16).

2

Agent Kent G. Moore conducted an investigation into this matter, (Doc. No. 1, Declaration of Kent Moore ¶1), and on January 22, 2021, the Plaintiff, United States of America, filed a Complaint pursuant to 18 U.S.C. § 1345, against the Defendants in this action, alleging that the Defendants engaged in a scheme to defraud Think Safe of assets in the amount of $2,432,250, currently held in the Citibank account ending in 5183. The Plaintiff also filed a Motion for a Temporary Restraining Order and Preliminary Injunctive Relief to restrain the Defendants and their financial institution from taking any action with respect to the funds in the account. The Court granted the temporary restraining order and ordered the Defendants to show cause why they should not be restrained and enjoined at a hearing scheduled for Tuesday, February 9, 2021, at 2:00 PM CST.

**II.    Argument**

Federal Rule of Civil Procedure 24 allows a party to intervene in two ways: (i) as of right, under Rule 24(a), or (ii) with permission, under Rule 24(b). Think Safe seeks to intervene under Rule 24(a) or, alternatively, under Rule 24(b). Each basis for intervention is addressed in turn below.

> **A.    Intervention as of right authorizes Think Safe to intervene in this action to defend its interests in the funds fraudulently obtained by the Defendants.**

Under Federal Rule of Civil Procedure 24(a)(2), "a court must permit anyone to intervene who: (1) files a timely motion to intervene; (2) 'claims an interest relating to the property or transaction that is the subject of the action'; (3) is situated so that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) is not adequately represented by the existing parties." *Nat'l Parks Conservation Ass'n v. U.S. EPA*, 759 F.3d 969, 975 (8th Cir. 2014) (quoting Fed. R. Civ. P. 24(a)(2) and citing *South Dakota ex rel. Barnett v. United States Dep't of Interior*, 317 F.3d 783, 785 (8th Cir. 2003)). "Rule 24 should be

3
124937272.1

construed liberally, with all 'doubts resolved in favor of the proposed intervenor.'" *Nat'l Parks Conservation Ass'n*, 759 F.3d at 974 (quoting *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999)). "Under [Rule] 24(a) an intervenor of right is one who claims an interest in the disputed property or transaction when the dispute puts at risk the intervenor's ability to protect that interest." *Sweeney v. Athens Reg'l Med. Ctr.*, 917 F.2d 1560, 1565 (11th Cir. 1990). Think Safe satisfies the four requirements for intervention as of right.

First, Think Safe's Motion to Intervene is timely. Whether a motion to intervene is timely is determined by considering all the circumstances of the case. *United States v. Union Elec. Co.*, 64 F.3d 1152, 1159 (8th Cir.1995). "In determining timeliness, three factors that bear particular consideration are the reason for any delay by the proposed intervenor in seeking intervention, how far the litigation has progressed before the motion to intervene is filed, and how much prejudice the delay in seeking intervention may cause to other parties if intervention is allowed." *Id.* Here, intervention is timely because it is sought as soon as practicable after this action was unsealed on February 2, 2021, and three days prior to the hearing on the Court's Order to Show Cause, which is scheduled for Tuesday, February 9, 2021, at 1:00 PM CST. Think Safe has not unduly delayed filing its Motion and Think Safe's intervention will not prejudice existing parties. *See United States v. Union Elec. Co.*, 64 F.3d 1152, 1159 (8th Cir.1995) ("The question for determining the timeliness of the motion to intervene is whether existing parties may be prejudiced by the delay in moving to intervene . . . ."). Moreover, the Plaintiff in this action, the United States of America, does not oppose Think Safe's intervention.

Second, Think Safe has a definite interest in the property or transaction that is the subject of this action. The Plaintiff's Complaint focuses on the fraudulent scheme engaged in by the Defendants that ultimately deprived Think Safe of funds in the amount of $2,432,250. As

4

explained in the Complaint, and supported by Declarations of Agent Kent G. Moore and Paula Wickham, those funds were transferred by Think Safe into an account owned by US Fed Group in furtherance of a transaction for personal protective equipment that ultimately turned out to be fraudulent on the part of US Fed Group. Those funds were subsequently transferred to the Citibank account ending in 5183. The greatest portion of those funds—$2,389,045.43—remains in the same account and are directly traceable to Think Safe, as confirmed in the Declaration of Agent Kent. G. Moore.

Third, because Think Safe has a clear and direct interest in the property that is the subject of this action, it is so situated that disposition of the action, as a practical matter, may impede or impair Think Safe's ability to protect that interest. A proposed intervenor must show that disposition of the lawsuit "may as a practical matter impair or impede" the ability of the intervenor to protect its interest. *See Reimer & Koger Assocs. Inc.*, 60 F.3d 1304, 1307 (8th Cir. 1995) (quoting Fed. R. Civ. P. 24(a)(2)).

Here, disposition of this lawsuit—particularly in favor of the Defendants—would substantially impede or impair the ability of Think Safe to recover the funds fraudulently obtained by the Defendants to this action. Think Safe intends to assert a number of cognizable claims against the Defendants and other individuals and entities not party to this action, including, but not limited to breach of contract, fraud, and conversion. Accordingly, it is necessary for Think Safe to intervene to ensure that its rights and interests in the property at issue, as well as any related claims, are asserted and protected at every state of litigation going forward.

Finally, Think Safe's interests are not adequately represented by the existing parties to the suit. A proposed intervenor typically need only "carry a 'minimal' burden of showing that their

interests are inadequately represented by the existing parties" *Mille Lacs Band of Chippewa Indians v. Minn.*, 989 F.2d 994, 999 (8th Cir. 1993).

Here, no existing party adequately represents Think Safe's interests. In fact, the Defendants are clearly adverse to Think Safe's interests. In this action, the Plaintiff seeks to enjoin and restrain the Defendants from taking any further action with respect to the funds currently held in the Citibank account ending in 5183 for the purpose of preventing further violation of 18 U.S.C. § 1343 (Wire Fraud), and to further enjoin the alienation and disposition of the property obtained by the Defendants in their fraudulent scheme. To the extent that Think Safe's interests diverge from the Plaintiff's, including but not limited to the preservation of any legal rights or claims that Think Safe may possess against the Defendants, it is essential that Think Safe intervene to ensure that those interests are adequately protected.

In summary, because Think Safe satisfies the requirements under Rule 24(a)(2), this Court should enter an order allowing Think Safe to intervene as of right.

**B.  Permissive intervention also allows Think Safe to intervene because it has claims that share with the main action a common question of law and fact.**

Alternatively, in the event the Court denies Think Safe to intervene under Rule 24(a), the Court should exercise its discretion to allow Think Safe to intervene under Rule 24(b). "On timely motion" under Rule 24(b), "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion" to grant permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

To begin with, and as noted above, Think Safe's Motion to Intervene is timely. Think Safe seeks to intervene having only just recently been advised of the existence of this action being

6

124937272.1

permitted to file a motion once it was unsealed on February 2, 2021. In promptly seeking to intervene, Think Safe aims to ensure that it is able to assert and protect its rights to the funds held in the Citibank account ending in 5183. That challenge shares several common questions of law and fact with the Plaintiff's claims to enjoin the Defendants from taking any actions with respect to those fraudulently obtained funds. Moreover, Think Safe's request to intervene in this action will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The Plaintiff, in fact, consents to Think Safe's Motion to Intervene.

In summary, because Think Safe satisfies the requirements under Rule 24(b)(1)(B) and because Plaintiff consents to Think Safe's Motion to Intervene, the Court should permit Think Safe to intervene in this action if the Court otherwise does not allow intervention as of right.

### III. Conclusion

For the reasons stated herein, this Court should grant Think Safe's Motion to Intervene and should enter an order allowing Think Safe to intervene, as of right, for the purpose of protecting its interests in the property and claims at issue in this action. Alternatively, this Court should grant Think Safe's Motion to Intervene and should enter an order allowing Think Safe to intervene through permissive intervention.

Dated: February 5, 2021     SIMMONS PERRINE MOYER BERGMAN PLC

*/s/ Erin R. Nathan*
Erin R. Nathan     AT0009092
Simmons Perrine Moyer Bergman PLC
115 Third Street, S.E., Suite 1200
Cedar Rapids, IA 52401-1266
Telephone: (319) 366-7641
Facsimile: (319) 366-1917
Email: enathan@spmblaw.com

7

/s/     Charles M. Rosenberg
Charles M. Rosenberg (*Admission Pending*)
crosenberg@carltonfields.com
CARLTON FIELDS, P.A.
2 MiamiCentral
700 N.W. 1st Ave, Suite 1200
Miami, FL 33136
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

ATTORNEYS FOR INTERVENOR

124937272.1